United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-21098
Summary Calendar
_____

FACULTY RIGHTS COALITION; WOLFGANG P HIRCZY DE MINO,

Plaintiff-Appellants,

versus

HOSSEIN SHAHROKHI, in his official capacity as Executive Director
of Information Services at UHD, a component of the University of
Houston System; MOLLY WOODS, In her official capacity as Provost
of The University of Houston

Defendant-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-04-CV-02127
--------------------

Before JOLLY, DENNIS, and CLEMENT Circuit Judges.

PER CURIAM:[*]

Plaintiff De Mino,[1] an adjunct faculty member at the
University of Houston Downtown (UHD), appeals the district court's
grant of summary judgment in favor of the defendants, UHD
officials, in this 42 U.S.C. 1983 action. This case stems from UHD

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] De Mino has also formed a group that he calls the Faculty
Rights Coalition to advocate on behalf of adjunct faculty members
at the university.

officials's alleged violation of Plaintiff's First Amendment rights, retaliation, and violation of Plaintiff's Fourteenth Amendment rights to Equal Protection of the law. Plaintiff bases his appeal upon the following alleged errors of the district court: (1) the grant of summary judgment for defendants on plaintiff's First Amendment claims (violation by e-mail restrictions and retaliation); (2) the grant of summary judgment for defendants on plaintiff's Equal Protection claims; (3) the ruling that plaintiff lacked standing to challenge the Texas statutes at issue; and (4) award of costs to defendants.

## Background

Plaintiff, in his initial complaint, focused on UHD's policies regarding adjunct faculty member access to their e-mail accounts.[2] In his first amended complaint, he sued Shakrokhi (Executive Director of Information Technology at UHD), and Woods (Chief Academic Officer of UHD). He also sought leave to add Adolfo Santos (Administrative Assistant Chair for the Department of Social Sciences at UHD). In this complaint, De Mino reiterated his complaints regarding the compensation and treatment of adjuncts, as well as e-mail account access, specifying that adjuncts do not have access to their e-mail accounts during any semester they are not teaching, including the summer. He also reiterated that he was

---

[2] Specifically, De Mino alleged that when he tried to use the e-mail system to complain about UHD compensation and treatment of adjuncts, he was denied access to his e-mail account.

denied access to his e-mail account in retaliation for his attempted use of the system to distribute complaints about the UHD administration. In this first amended complaint, he added the allegation that, in retaliation for the current lawsuit, UHD cut his course load from three to two classes, in an effort to deprive him of benefits,[3] terminate his active status in the Teacher Retirement System, and reduce his pay. He further alleged a denial of equal protection in that adjunct faculty are paid less, given fewer benefits, denied opportunities in university governance, and given fewer supporting resources in comparison to full-time, tenure-track faculty members. Lastly, he challenged the constitutionality of Texas statutes that prohibit the unionization of state employees and the ability of non-citizens to become labor union officials or organizers.

The district court granted defendants' motions for summary judgment on the First Amendment and Equal Protection claims, and ruled that plaintiff lacked standing to challenge the Texas statutes at issue. Further, they awarded costs to the defendants.

Discussion

**I. First Amendment Claims**

This court reviews the grant of summary judgment *de novo*, applying the same standard as the lower court. Gowesky v. Singing River Hospital Systems, 321 F.3d 503, 507 (5th Cir. 2003).

---

[3] At UHD, adjuncts who only teach two classes are not eligible for certain benefits.

Appellant urges that UHD violated his First Amendment rights by restricting his e-mail account access in an effort to silence his complaints about the university and further contends that UHD retaliated against him for exercising his rights in bringing this lawsuit.

*A. First Amendment Violation*

Appellant bases his assertions mainly upon three actions by UHD IT officials: (1) disallowing adjuncts access to e-mail accounts during the semesters they do not teach, including the summer; (2) restricting adjuncts' sending of e-mails; and (3) implementing a spam filter.

The Supreme Court has held that a public school system's internal mail system does not constitute a state-created public forum. Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 103 S.Ct. 948, 955-56 (1983). Because of this, "[i]n addition to time, place, and manner regulations, the state may reserve the forum for its intended purposes, communicative or otherwise, as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." Id. at 955, citing United States Postal Service v. Greenburgh Civic Ass'n, 101 S.Ct 2676, 2684 (1981); see also Chiu v. Plano Indep. School Dist., 260 F.3d 330, 356 (5th Cir. 2001) ("Identity-based and subject matter distinctions in a nonpublic forum are permissible so long as they are not a covert attempt to suppress a particular viewpoint...."). As such, any limitations

imposed must be reasonable in light of the purpose served by the forum.  Perry, 103 S.Ct. at 957; Chiu, 260 F.3d at 356.

Defendant Shahrokhi presented competent summary judgment evidence to show there was no First Amendment violation in this case.[4]  The disputed restrictions and the spam filter were uniformly applied system-wide and were not content-based; there is no evidence to suggest that the goal of these policies was to suppress any viewpoint.  Further, these UHD polices were reasonable in light of the need to control the quantity of data stored on the system and to filter data coming into the system.  Doing away with these policies would "substantially interfere with the activities...of the school."  Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 513 (1969).

*B. Retaliation*

Appellant argues that his course load was reduced in retaliation for filing this lawsuit. To prove a First Amendment retaliation claim under 42 U.S.C. 1983, a plaintiff must show: (1) he suffered an adverse employment action; (2) his speech involved

---

[4]  As to the deprivation of access during non-teaching semesters, defendant testified that the system is programmed with the dates of an adjunct's teaching service, after which the system automatically cancels access.  As to the restrictions on the ability to send e-mails, defendant testified that rules had long been promulgated to limit users to 20 megabytes of memory. Users are warned as they approach this limit and after exceeding it are restricted from sending e-mails.  As to the spam filter, defendant testified that it was implemented to conserve space on the system.  Defendant testified that these restrictions and the filter were applied uniformly.

a matter of public concern; (3) his interest in commenting on such matters outweighed the government employer's interest in promoting efficiency; and (4) his speech motivated the adverse employment action. Alexander v. Eeds, 392 F.3d 138, 142 (5th Cir. 2004).

Assuming arguendo that the speech at issue is a matter of public concern, plaintiff has not raised a disputed fact issue material to deciding whether the change in his teaching load in the fall semester of 2004 resulted from his speech. Beattie v. Madison County School Dist., 254 F.3d 595, 600 (5th Cir. 2001)("Summary judgment should be granted...when the nonmoving party fails to meets its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict."). The defendant presented summary judgment evidence via the affidavit of Adolfo Santos to defeat the causation element. Defendant showed that it, whenever possible, limits adjuncts to teaching two sections in order to avoid the costs of benefits. In Fall 2004, Santos assigned nine of ten adjuncts only two classes.[5] In Spring 2006, no adjunct was allowed to teach more than two classes. Appellant was treated no differently than any other adjunct following his filing of this lawsuit. Plaintiff failed to combat defendant's evidence with any of his own. Therefore, summary judgment in favor of UHD was proper. Alexander v. Eeds, 392 F.3d 138 (5th Cir. 2004) provides, "Any factual controversy will be

---

[5] The one adjunct allowed to teach three classes had seniority and was willing to teach on Saturday.

resolved in the nonmovant's favor, but only 'when both parties have submitted evidence of contradictory facts.'" Id. at 142, citing Olabisiomotosho v. City Houston, 185 F.3d 521, 525 (5th Cir. 1999).

## II. Equal Protection

Appellant argues that UHD violated the Equal Protection Clause of the Fourteenth Amendment by treating adjuncts less favorably than tenured or tenure-track professors.  To establish an Equal Protection claim, the plaintiff must prove that similarly situated persons were treated differently.  Muhammed v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992).  In this case, adjunct faculty are not similarly situated to full-time faculty.  Adjunct faculty typically teach fewer classes than tenured or tenure-track professors.  They are not held to the same expectations regarding publication.

## III. Standing to Challenge Texas Statutes

### A. Section 617.002

Appellant argues that the district court erred by determining he lacks standing to challenge the constitutionality of Texas Government Code § 617.002, which prohibits a political subdivision from: (1) entering a collective bargaining agreement with a labor organization regarding wages, hours, or conditions of employment of public employees; and (2) recognizing a labor organization as the bargaining agent for a group of public employees.

Texas law makes it clear that the aforementioned provisions do not impair the right of public employees to present grievances,

including through a representative.[6]  A representative includes unions or union members.  <u>Sayre v. Mullins</u>, 681 S.W.2d 25 (Tex. 1984).  Thus, the statutes in question do not prevent the unilateral presentation of grievances by employees, regardless of their use or non-use of a union.  <u>Moreau v. Klevenhagen</u>, 956 F.2d 516, 520 (5th Cir. 1992).  The statutes, instead, merely prohibit bilateral agreements between political subdivisions and bargaining agents.  <u>Id.</u>

As such, the district court was correct in ruling that De Mino lacks standing.  To have standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) that is traceable to the defendant's actions; and (3) that will be redressed by a favorable decision. <u>Delta Commercial Fisheries Ass'n v. Gulf of Mexico Fishery Mgmt. Council</u>, 364 F.3d 269, 272 (5th Cir. 2004).  The interpretation of the statute will not preclude appellant from presenting grievances or organizing to advocate for better conditions for adjuncts. Instead, its effect is aimed at the university, by forbidding it to bargain with certain groups.

*B. Section 101.109*

Appellant argues the district court erred in ruling that he lacked standing to challenge the constitutionality of Texas Labor Code § 101.109.  At the district court level, appellant did not allege that UHD invoked the provision to prevent any activity he

---

[6]  A representative includes unions or union members.

wished to pursue. He also failed to allege or present evidence that he sought to be a union officer or organizer, i.e., one "...who, for financial consideration solicits membership in a labor union or members for a labor union." Tex. Lab. Code. Ann. § 101.101(2). Therefore, we find that plaintiff waived his challenge to this statute; even if he had presented evidence at the district court, we would find no error in the district court's ruling.

## IV. Award of Costs

Appellant argues that the district court abused its decision by awarding $444.40 in costs for a 101 page transcript from the hearing in another case to clarify the relationship between De Mino and the Faculty Rights Coalition. He argues that the same information was included in his complaint and could have been verified by searching the Harris County website where D/B/A registration was posted.

Rule 54(d)(1) provides for recovery of costs by the prevailing party. Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 provides a listing of costs that may be taxed against a losing party, one of which is "fees for...copies of papers necessarily obtained for use in the case." Here, defendant obtained the transcript for use in the case. The district court did not abuse its discretion.

For the foregoing reasons, we AFFIRM.